# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**
JAN 0 8 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| JON P. ARNOLD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 98 C 8400 |
| ) | |
| COUNTY OF COOK ADULT PROBATION ) | Judge Joan B. Gottschall |
| DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## NOTICE OF FILING

TO:  William M. Walsh, Esq.
53 West Jackson Boulevard
Suite 224
Chicago, Illinois 60604

PLEASE TAKE NOTICE that on the 8th day of January 2004, we filed the attached **Defendant's Response To Plaintiff's Motion In Limine**, a copy of which is hereby served upon you.

COUNTY OF COOK ADULT PROBATION
DEPARTMENT,

By: _____
One of Its Attorneys

Jerold S. Solovy
Joel T. Pelz
Emma J. Sullivan
Angela K. LaFratta
Special Assistant Attorneys General
Jenner & Block LLP
One IBM Plaza
Chicago, Illinois 60611
(312) 222-9350

Dated: January 8, 2004

## CERTIFICATE OF SERVICE

Emma J. Sullivan, an attorney, certifies that she served the foregoing **Defendant's Response To Plaintiff's Motion In Limine** upon the following via facsimile & U.S. Mail on January 8, 2004:

>William M. Walsh
>The Monadnock Building
>53 West Jackson Boulevard
>Suite 224
>Chicago, IL 60604

*[signature]*
Emma J. Sullivan

**FILED**
JAN 0 8 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JON P. ARNOLD, <br>       Plaintiff, <br><br> v. <br><br> COUNTY OF COOK ADULT PROBATION DEPARTMENT, and <br> CHIEF JUDGE DONALD O'CONNELL, <br><br>       Defendants. | Case No. 98 C 8400 <br><br> Judge Joan B. Gottschall |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE

In response to plaintiff's Motion In Limine, defendant Cook County Adult Probation Department ("Probation Department"), by its attorneys, states as follows:

**A. Evidence Of Job Offers Made To Plaintiff After May 1998 Is Relevant And Admissible.**

Evidence that the Probation Department made, and plaintiff rejected, additional offers of reasonable accommodation after May 1998 is relevant and admissible. Plaintiff brings two claims under Section 504 of the Rehabilitation Act: a failure to accommodate claim and a discrimination claim. Plaintiff alleges that the Probation Department failed to reasonably accommodate his driving restriction and assigned him work that required additional driving which caused further aggravation to his alleged back injury. Plaintiff moves this Court to preclude, pursuant to Federal Rules of Evidence 401-403, evidence of accommodations offered to him after May 1998 as irrelevant and prejudicial. Plaintiff argues that this Court's ruling which barred plaintiff from recovering damages incurred after May 1998 makes offers of accommodation made after that time irrelevant and prejudicial. Plaintiff's motion should be

113

denied for several reasons. First, as stated on plaintiff's motion, plaintiff seeks to recover damages after May 1998. Moreover, evidence of offers of accommodation made after May 1998 is relevant to establish the true purpose of plaintiff's request for an accommodation, to rebut any claim that the Probation Department unreasonably delayed in offering plaintiff an accommodation, to demonstrate plaintiff's failure to engage in the interactive process, and to show the lack of any discriminatory motive on the part of the Probation Department. Further, under Federal Rule of Evidence 403, the relevance of the evidence outweighs any prejudicial effect.

        1.     <u>Plaintiff Seeks To Recover Damages Incurred After May 1998.</u>

As seen by plaintiff's pre-trail order submissions and despite this Court's rulings precluding him from doing so, plaintiff is seeking to recover lost wages and benefits in addition to other damages incurred after May 1998. Plaintiff only lost wages and benefits after he went on leave in September 1998. Based on this Court's ruling that plaintiff is barred from recovering damages incurred after the Probation Department made a reasonable offer of accommodation in May 1998, the Probation Department filed a motion in limine requesting that this Court preclude plaintiff from seeking damages or offering testimony regarding damages that were incurred after May 1998. To the extent that motion is denied, the Probation Department should be permitted to present evidence of accommodations offered to plaintiff after May 1998 to demonstrate plaintiff's continued refusal of offers of reasonable accommodation and insistence on unreasonable accommodations.

2

2.  The Evidence Is Relevant To Establish Plaintiff's True Motives And His Failure To Participate In The Interactive Process, To Rebut Any Claim Of Unreasonable Delay, And To Demonstrate The Lack Of Any Discriminatory Motive On The Part Of The Probation Department.

Even if plaintiff is precluded from offering testimony regarding damages that were incurred after May 1998, evidence of offers of accommodation made to plaintiff after May 1998 – and plaintiff's refusal to accept such offers – should be admitted because that evidence is relevant to establish plaintiff's true motives in requesting an accommodation and his failure to participate in the interactive process, to rebut any claim that the Probation Department unreasonably delayed in offering plaintiff an accommodation, and to demonstrate the lack of any discriminatory motive on the part of the Probation Department. Throughout his employment, plaintiff rejected the Probation Department's numerous offers of reasonable accommodation because, short of a promotion, plaintiff was only willing to accept two positions – the Rolling Meadows Resource Officer position or the Rolling Meadows Community Service Officer ("CSO") position with about half of that position's required workload. When plaintiff was unable to secure either of those positions, he took steps to position himself to pursue a disability discrimination claim against the Probation Department.

In February 1997, plaintiff requested a transfer to a position as the Rolling Meadows Resource Officer. That job entails driving approximately 30-40 miles from the Rolling Meadows courthouse per day. Plaintiff's transfer request was rejected because he was not the most qualified candidate. Plaintiff filed a grievance regarding the denial of the transfer request, which was initially rejected and then withdrawn by the union.

After plaintiff was denied the Rolling Meadows Resource Officer position, he engaged in conduct with the goal of persuading the Probation Department to award him that position or, if he was unable to secure that job, creating the opportunity to pursue a disability discrimination

3

lawsuit against the Department. In March 1998, plaintiff sent his supervisor via inter-office mail a note on a prescription pad from his doctor stating that plaintiff should not drive more than 20 miles from his home. Less than two months later, in or before May 1998, the Probation Department offered plaintiff the opportunity to serve as a CSO based at 26th and California, where the on-the-job driving met plaintiff's alleged physical limitations (the "May 1998 Offer"). Plaintiff refused this offer. Plaintiff insisted that he was entitled to remain in his Rolling Meadows CSO position with less driving. This Court held that keeping plaintiff in the Rolling Meadows CSO position with less driving was not a reasonable accommodation. See Arnold v. Cook County Adult Probation Dept., No. 98 C 8400, 2003 WL 21317270, at *5 n. 10 (N.D. Ill. June 5, 2003). On June 5, 2003, this Court held that the Probation Department's offer to transfer plaintiff to the 26th and California CSO position constituted an offer of reasonable accommodation, and that plaintiff is therefore barred from recovering damages incurred after the May 1998 Offer was made. Id., 2003 WL 21317270, at *3, 5.

After the Probation Department made, and the plaintiff rejected, the May 1998 Offer, the Probation Department made additional offers of reasonable accommodation to plaintiff. On June 8, 1999, the Probation Department offered plaintiff five additional alternate positions: (1) Rolling Meadows Caseload Officer; (2) Rolling Meadows Court Liaison Officer; (3) 26th and California Caseload Officer; (4) 26th and California Court Liaison Officer; (5) Skokie Caseload Officer; and (6) Walnut Caseload Officer (the "June 1999 Offers").[1] Each of these positions had the same pay, benefits, and promotional opportunities as plaintiff's Rolling Meadows CSO position; each involved comparable duties; and each involved little to no on-the-job driving. On

---

[1] The Probation Department does not seek to introduce evidence of offers of accommodation made to plaintiff in March 1999 because this Court held that Federal Rule of Evidence 408 bars introduction of that evidence as conduct or statements made in compromise negotiations. See Arnold v. Cook County Adult Probation Dept., 220 F. Supp. 2d 893, 898 (N.D. Ill. 2002).

4

September 11, 2002, this Court held that the offer to transfer Plaintiff to the Rolling Meadows Court Liaison position constituted a reasonable offer of accommodation. See Arnold v. Cook County Adult Prob. Dept., 220 F. Supp. 2d 893, 899 (N.D. Ill. 2002).

Plaintiff refused the June 1999 Offers.[2] Instead, plaintiff asked to be transferred to the Rolling Meadows Resource Officer position, the position that plaintiff had applied for in February 1997, but which had been given to another, more qualified employee. The Rolling Meadows Resource Officer position requires more driving than the jobs offered to plaintiff in May 1998 and June 1999. The Probation Department denied plaintiff's request because the Rolling Meadows Resource Officer position was filled. Plaintiff's rejection of numerous jobs that required little or no driving and his insistence upon a position that required substantial driving calls into question, and directly relates to, some of the basic contentions of plaintiff's claims which are to be set for trial.

Evidence of the June 1999 Offers, plaintiff's refusal of those offers, and plaintiff's request to be transferred to the Rolling Meadows Resource Officer position is relevant and admissible because it demonstrates plaintiff's true motives – rather than seeking a job that met his alleged driving restrictions, he was seeking to obtain the position that previously was denied to him, to be permitted to stay in his then-current position with half the work, or to pursue a disability discrimination lawsuit against the Probation Department. Evidence regarding a plaintiff's motive in pursuing a lawsuit is relevant and admissible. See Gastineau v. Fleet Mortgage Corp., 137 F.3d 490, 495-96 (7th Cir. 1998) (admitting evidence of plaintiff's lawsuits against former employers to show employee's motive or *modus operandi*).

---

[2] In December 2001, plaintiff accepted the Rolling Meadows Court Liaison position, which had been offered to him in June 1999. Plaintiff has worked in that position to date.

5

Plaintiff's refusal of the June 1999 Offers also is relevant to rebut any claim that the Probation Department unreasonably delayed in offering Plaintiff an accommodation between the time that he made a request for an accommodation (allegedly in late 1997 or early 1998) and the time that the May 1998 Offer was made. Plaintiff testified at his deposition that Probation Department employees frequently switch jobs within the department. See Arnold Dep. at 152. Plaintiff himself transferred jobs within the Probation Department on at least five occasions prior to 1998. Thus, although the June 1999 Offers were not formally made to plaintiff until June 1999, plaintiff knew prior to that time that he had the option of requesting a transfer to a number of other available positions within the Probation Department, many of which involved little to no on-the-job driving. Plaintiff's refusal of the June 1999 Offers demonstrates that plaintiff would not have accepted any reasonable accommodation that the Probation Department could have offered to him between late 1997 and May 1998. During that time frame, the Rolling Meadows Resource Officer position was filled and remaining a Rolling Meadows CSO with half the driving never was a reasonable option. Because plaintiff was unwilling to accept anything else, any offer of accommodation made during that time would have been futile.

Similarly, evidence of the June 1999 Offers is relevant and admissible to demonstrate plaintiff's responsibility for the breakdown in the interactive process. See Beck v. University of Wisconsin Bd. of Regents, 75 F.3d 1130, 1135 (7th Cir. 1996). Rather than engaging in good faith in the interactive process to obtain a reasonable accommodation, plaintiff repeatedly refused reasonable offers of accommodation and insisted on unreasonable accommodations. Because this evidence tends to show that plaintiff is responsible for the breakdown in the interactive process, it is relevant and admissible. Id.

Further, evidence of the subsequent offers of accommodation is relevant because it demonstrates a lack of discriminatory motive on the part of the Probation Department. To prevail on his discrimination claim, plaintiff must demonstrate that the Probation Department intentionally discriminated against him on the basis of his disability. The Probation Department's legitimate, non-discriminatory motives are demonstrated by the many steps the Probation Department took to ensure compliance with the Rehabilitation Act, including making numerous offers of reasonable accommodation to plaintiff. As such, evidence of the Department's repeated attempts to offer plaintiff positions that would accommodate his alleged disability is relevant and admissible as it makes it less probable that the Department engaged in the alleged unlawful conduct. See Pritchard v. MacNeal Hosp., 960 F. Supp. 1321, 1325 (N.D. Ill. 1997) (evidence regarding employer's non-discriminatory reasons for its conduct is relevant because it has a tendency to make the employer's stated defense more probable).

Finally, evidence of the post-May 1998 offers has significant probative value which is not outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Therefore, the evidence should not be excluded. See Glinski v. Chicago, No. 99 C 3063, 2002 WL 113884, at *3-4 (N.D. Ill. Jan. 29, 2002) (admitting evidence where probative value of evidence was not substantially outweighed by danger of unfair prejudice).

**B. Evidence Of Participation By Plaintiff And John Robinson In Questionable Financial Transactions Is Relevant And Admissible.**

Evidence that plaintiff and John Robinson participated in financial transactions that were the subject of federal and state investigation is relevant and admissible. Plaintiff has identified Mr. Robinson as a witness that he intends to call at trial. Mr. Robinson formerly was head of the Probation Department. Plaintiff moves this Court to exclude this evidence at trial, pursuant to Federal Rules of Evidence 401-403, 608(b) and 609(a). Plaintiff's motion should be denied,

7

because that evidence demonstrates the bias of Mr. Robinson and, as a result, is relevant to the issues in this case. The relevance of the evidence is not outweighed by the potential for prejudice.

The partiality of a witness is a proper subject for exploration at trial because it is relevant to the credibility of the witness and to the weight the jury gives to the witness' testimony. See Saladinor v. Winkler, 609 F.2d 1211, 1214 (7th Cir. 1979). Furthermore, Rule 608(b) allows the use of extrinsic evidence of the witness' character where it is properly offered to show bias. See U.S. v. Abel, 469 U.S. 45, 55 (1984). That Mr. Robinson was in a business relationship with plaintiff in addition to being his boss and personal friend is relevant because a jury may rely on that evidence to conclude that Mr. Robinson is biased.

Furthermore, the evidence is admissible because it is relevant to plaintiff's allegations in this case. Plaintiff alleges that the Probation Department aggravated the damage to his back by assigning him additional on-the-job driving. Plaintiff was involved with this investment scheme at the same time he alleges that he aggravated his back due to the Probation Department's unlawful conduct. Thus, any driving plaintiff conducted as part of his participation in the investment scheme would be relevant to plaintiff's claim that it was his on-the-job driving (rather than his off-duty driving) that caused the alleged damage to his back. Moreover, the relevance of this evidence is not outweighed by any prejudicial effect.

WHEREFORE, the Probation Department respectfully requests that Plaintiff's Motion In Limine be denied in its entirety.

Respectfully submitted,

COOK COUNTY ADULT PROBATION DEPARTMENT,

By: _____
One of its attorneys

Jerald S. Solovy
Joel T. Pelz
Emma J. Sullivan
Angela K. LaFratta
Special Assistant Attorneys General
Jenner & Block LLP
330 N. Wabash Ave., 40th Fl.
Chicago, IL 60611
(312) 222-9350

Dated: January 8, 2004

9