IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JON ARNOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 98 C 8400 |
| | ) | |
| COUNTY OF COOK ADULT | ) | Judge Joan B. Gottschall |
| PROBATION DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
*IN LIMINE* PERTAINING TO THE MAY 1998 OFFER**

Plaintiff Jon Arnold ("Plaintiff"), by his undersigned attorney, for his opposition to Defendant's motion *in limine*, states as follows:

1. Defendant seeks to bar Plaintiff from: (1) denying that the May 1998 Offer was made and; (2) seeking damages or offering testimony regarding damages that were incurred after the May 1998 Offer was made. (Def's Motion, p. 3.)

2. Regarding the May 1998 Offer, Defendant bases its argument on this Court's decision dated May 30, 2003 (the "Decision"), which concluded that Plaintiff had made an admission that, in or before May of 1998, David Deenihan, Plaintiff's direct supervisor at that time, offered to transfer Plaintiff from Plaintiff's community service position in Rolling Meadows to a similar position at 26th & California in Chicago. This Court further found in the Decision that the May 1998 Offer constituted a reasonable offer of accommodation, and that Plaintiff was therefore barred from recovering damages incurred after the May 1998 Offer was made. (Def's Motion, ¶¶ 2-5.)

3. Plaintiff respectfully disagrees with this Court's conclusion that the May 1998

Offer by Deenihan constituted a *bona fide* offer of accommodation for purposes of the Rehabilitation Act. More specifically, Plaintiff contends that, under <u>Feliberty, M.D. v. Kemper Corporation</u>, 98 F.3d 274 (7th Cir. 1996), Deenihan's May 1998 Offer did not constitute a reasonable offer of accommodation because Deenihan did not make that offer <u>in good faith</u> in response to Plaintiff's request for an accommodation.

4. Plaintiff does not dispute that, during a meeting with Plaintiff in May of 1998, Deenihan assigned Plaintiff an entire other territory (Maybrook); or that, in response to Plaintiff's comments that this addition would require even greater driving, that Deenihan told Plaintiff that if Plaintiff did not take Maybrook, Deenihan would assign him another territory that Plaintiff would probably like even less than Maybrook. Plaintiff does not even dispute that Deenihan's statement could in some sense be construed as an "offer."

5. What Plaintiff does dispute is that this statement by Deenihan, even if can be construed as an "offer," was not made in good faith in an effort to accommodate Plaintiff's disabilities. And that is what the Rehabilitation Act requires. <u>Feliberty</u>, 98 F.3d at 280. Stated differently, an employer does not satisfy its obligation under the Rehabilitation Act when, in response to an accommodation request from an employee, it simply dictates that an employee accept another position (or at another location) without making any attempt whatsoever to determine whether the announced accommodation is reasonable.

6. If an employer could satisfy its obligation in this way, it would entail the perverse result that an employer could avoid liability under the Rehabilitation Act if, in response to an employee's accommodation request, it simply proclaimed one or more potential accommodations in the hope that it (the employer) could cause the employee to resign or be fired; and, in the event of a lawsuit or other dispute, that a court or other tribunal would conclude that one or more of

such potential accommodations were "reasonable." Such an approach thwarts rather than fulfills the purpose of the Rehabilitation Act.

7. Here, the evidence at trial will show that this is precisely what Deenihan did not act in good faith by making the May 1998 Offer. On the contrary, he totally ignored Plaintiff's request for accommodation (which focused on Plaintiff's existing job duties as a community service officer in Rolling Meadows), and high-handedly told Plaintiff that if Plaintiff did not like the action Deenihan was taking, he (Deenihan) would take another action (assign Plaintiff a different territory) that Plaintiff would like even less. That is not a good faith offer; and Plaintiff should be permitted to introduce evidence to the jury to demonstrate the bad faith manifest by Deenihan on Defendant's behalf.

8. For these reasons, as well as the reasons set forth in Plaintiff's response and surreply in opposition to Defendant's second motion for summary judgment, Plaintiff should not be precluded from introducing evidence that Deenihan's "May 1998 Offer" was not a reasonable offer of accommodation.[1]

---

[1] In the Decision, this Court cited Rehling v. City of Chicago, 207 F.3d 1009 (7th Cir. 2000), for the proposition that, "an offer of accommodation need not be the product of an interactive process so long as it is a reasonable accommodation." Arnold v. Cook County, 98 C 8400, slip op. at 3-4, fn.4 (May 30, 2003), citing Arnold, 2001 U.S. Dist LEXIS 2264 at *22. Plaintiff again respectfully disagrees with this Court's conclusion. In Rehling, it was undisputed that the plaintiff, a policeman, could not, after losing a leg, perform his job duties as a patrol car officer; thereafter, as an accommodation he requested a job in the same district where he had served as a patrol officer, but was denied due to the lack of an available job in that district (207 F.3d at 1014-15). The court distinguished Feliberty on the ground that Feliberty produced evidence that his requested accommodation was available, whereas Rehling did not:

> If Rehling were able to show the availability of a position if District 16, we would agree that there was an issue of fact as to whether the [police department] adequately acceded to Rehling's request. However, in this case that issue of fact is not material because Rehling has failed to demonstrate that there was an available position in District 16. (Id.)

Rehling thus supports Plaintiff's position in the present case. Here, the evidence will show that Plaintiff's requested accommodation – namely, to limit his work-related driving as CSO in Rolling Meadows – was available, but that Defendant did not accept or carefully consider his requests to determine the nature and limits of Plaintiff's requested accommodation; rather, in bad faith, Deenihan and Booth unilaterally determined -- without even attempting to discuss the matter with Plaintiff -- that Plaintiff would not receive his requested accommodation

9. With respect to Defendant's position that Plaintiff should be barred from seeking to recover damages incurred "after" the May 1998 Offer was made, Plaintiff states that the evidence at trial will show that the damages he sustained as a result of Defendant's wrongful conduct before the May 1998 Offer was made – namely, the aggravation of existing back and neck conditions as well as new damage to his back – are continuing in nature. In other words, the physical injury and pain and suffering that Plaintiff has sustained as the result of Defendant's wrongful conduct <u>before</u> the May 1998 Offer continues to this day and will continue into the foreseeable future. Plaintiff is therefore entitled to recover for all such damages, even if this Court precludes Plaintiff from introducing evidence of damages "incurred after" the May 1998 Offer was made.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that Defendant's motion *in limine* be denied in its entirety.

JON P. ARNOLD,

By: _____
William M. Walsh 6194203
53 W. Jackson, Suite 224
Chicago, Illinois 60604
312-362-9190 (P)

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, William M. Walsh, hereby certify that on the 8th day of January, 2004, I caused a true and correct copy of "**Plaintiff's Response to Defendant's Motion in Limine Pertaining to the May 1998 Offer**" to be sent via first-class mail to the following:

>Emma Sullivan, Esq.
>Jenner & Block
>One IBM Plaza
>Chicago, Illinois 60611

_____
William M. Walsh