IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**FILED**

JON ARNOLD,                                    )
                                               )          JAN 1 2 2004
            Plaintiff,                         )
                                               )          MICHAEL W. DOBBINS
                                               )          CLERK, U.S. DISTRICT COURT
            vs.                                )          Case No. 98 C 8400
                                               )
COUNTY OF COOK ADULT                           )          Judge Joan B. Gottschall
PROBATION DEPARTMENT,                          )
                                               )          **DOCKETED**
            Defendant.                         )          JAN 1 3 2004

### PLAINTIFF'S REPLY BRIEF IN
### SUPPORT OF HIS MOTION *IN LIMINE*

Plaintiff Jon Arnold ("Plaintiff"), by his undersigned attorney, submits this reply brief in

support of his motion *in limine* to bar Defendant from introducing at trial: (1) evidence that

Defendant made offers of other jobs or positions to Plaintiff after May 1998; (2) evidence that

Plaintiff or John Robinson, formerly Chief Probation Officer (and one of Plaintiff's likely

witnesses at trial), participated in an international financial transaction that was the subject of

federal and state investigations; and (3) evidence that Mr. Robinson resigned his employment

with the Sheriff of Cook County in connection with those investigations.

Defendant contends that Plaintiff's motion should be denied because the foregoing

evidence purportedly is relevant to issues to be decided by the jury, or to Mr. Robinson's

credibility. As demonstrated below, Defendant is wrong, and Plaintiff's motion should be

granted in its entirety.

1.      **Evidence of Job Offers Made after May 1998**. Regarding evidence of job

offers after May 1998, Defendant asserts that evidence of job offers made in June of 1999 – more

than one year after the "May 1998 offer" -- through Defendant's counsel should be admitted

because: (a) Plaintiff seeks to recover damages incurred after May 1998; and (b) even if Plaintiff is precluded from recovering damages incurred as the result of wrongful conduct occurring after May 1998, evidence of the June 1999 offer is relevant: to show Plaintiff's "true purpose" in making his accommodation requests in late 1997 and early 1998; to rebut Plaintiff's claim that Defendant unreasonably delayed offering him an accommodation in late 1997 and early 1998; to demonstrate Plaintiff failed to engage in the interactive process in late 1997 and early 1998; and to show that Defendant – in particular, Plaintiff's supervisors, David Deenihan and Kevin Booth -- lacked discriminatory motive in connection with their dealings with Plaintiff in late 1997 and early 1998.

2.     Defendant's position is profoundly flawed and should be rejected for several reasons First, although Plaintiff does seek to recover damages incurred after May 1998, <u>Plaintiff does not seek to recover damages incurred after the June 1999 offer was made</u>. See Joint Final Pretrial Order, p. 5, § (g)(i) (seeking to recover monetary damages incurred from September 4, 1998 through June 8, 1999). It follows, then, that evidence of the June 1999 offer is not relevant to any issue relating to the damages Plaintiff seeks to recover.

3.     On the contrary, the only relevant issue regarding Plaintiff's request for damages incurred after May 1998 is whether Deenihan's "offer" in May 1998 (to give Plaintiff a territory he would like "even less" than the one Deenihan had assigned him) constituted a good faith offer for purposes of the Rehabilitation Act. This Court, in its decision dated May 30, 2003, held that it did. Plaintiff, as argued in his response to Defendant's motion *in limine*, respectfully submits that this Court's decision was incorrect, and therefore that Plaintiff should be permitted to seek to recover damages caused by Defendant's wrongful conduct up until the June 1999 offer was made. (<u>See</u> Pl's Resp. to Def's Motion in Limine, ¶¶ 2-9.) Regardless of this Court's decision

5086076.

regarding the adequacy of Deenihan's May 1998 "offer," the June 1999 offer is simply irrelevant to the measure of Plaintiff's damages in this case.

4.  Defendant's other argument – namely, that the June 1999 offer is probative of events and state-of-mind occurring from October 1997 through May 1998 fares even worse. Simply stated, the June 1999 offer – which was delivered by Defendant's counsel to Plaintiff's counsel after Plaintiff had initiated EEOC proceedings – is utterly irrelevant to show Plaintiff's "true purpose" in making accommodation requests or to show that failed to engage in the interactive process thirteen to twenty months earlier. Likewise, the June 1999 offer, made by Defendant's counsel, is not probative of <u>Deenihan's or Booth's</u> mental states from October 1997 through May 1998, or to show that Deenihan and Booth responded reasonably to Plaintiff's accommodation requests during that time period.

5.  In short, under no set of facts is evidence of Defendant's job offers to Plaintiff in June 1999 relevant to any issue to be decided by the jury in this case.

6.  Furthermore, as established in Plaintiff's motion (pp. 2-3, ¶ 6), even if such evidence was relevant to some issue, it should still be excluded pursuant to Fed. R. Evid. 403 because any such purported relevance is overwhelmingly "outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." In particular, permitting the jury to hear evidence of the June 1999 offer will serve primarily – if not exclusively -- to portray Plaintiff as a malingerer, which will in turn confuse and mislead the jury, and thus create the substantial probability – if not certainty – that the jury will improperly base its decision regarding <u>Defendant's</u> conduct <u>before</u> the May 1998 Offer on <u>Plaintiff's</u> conduct <u>after</u> the May 1998 Offer. These are precisely the dangers that Rule 403 was intended to prevent.

7.  Defendant's sole response to Plaintiff's Rule 403 argument is the empty and

conclusory assertion that evidence of the June 1999 offer "has significant probative value which is not outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." (Def's Resp. p. 7.) Plaintiff's motion should be granted.

8. **Evidence of Mr. Robinson's Participation in Investment Group**. With respect to evidence of John Robinson's participation in an investment group with Plaintiff and approximately twenty other persons, Defendant does not contest Plaintiff's motion to the extent that it seeks to bar the introduction of evidence that the federal and state governments investigated certain alleged conduct concerning an investment in which the group participated.

9. Rather, Defendant argues only that the fact that Mr. Robinson and Plaintiff were in a business relationship together is relevant to Mr. Robinson' credibility as a witness.

10. Defendant's argument, however, proves too much. The mere fact that Mr. Robinson and Plaintiff participated in a common investment group does not tend to show that Mr. Robinson is biased in Plaintiff's favor.

WHEREFORE, for the foregoing reasons, as well as the reasons set forth in Plaintiff's original motion Plaintiff respectfully requests that his motion *in limine* be granted in its entirety.

JON P. ARNOLD,

By: _William M. Walsh_
William M. Walsh (6194203)
53 W. Jackson, Suite 224
Chicago, Illinois 60604
312-362-9190 (P)

Attorney for Plaintiff

5086076.

-4-

## CERTIFICATE OF SERVICE

I, William M. Walsh, hereby certify that on the 12th day of January, 2004, I caused a true and correct copy of "**Plaintiff's Reply Brief in Support of His Motion *in Limine***" to be sent via first-class mail to the following:

        Emma Sullivan, Esq.
        Jenner & Block
        One IBM Plaza
        Chicago, Illinois  60611

_____