F I L E D

JAN 1 5 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JON P. ARNOLD,

    Plaintiff,

v.

COUNTY OF COOK ADULT PROBATION
DEPARTMENT,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 98 C 8400

Judge Joan B. Gottschall

DOCKETED

JAN 1 6 2004

## NOTICE OF FILING

TO:    William M. Walsh, Esq.
        53 West Jackson Boulevard
        Suite 224
        Chicago, Illinois 60604

        PLEASE TAKE NOTICE that on the 15th day of January 2004, we filed the attached **Defendant's Reply In Support Of Defendant's Motion In Limine Pertaining To The May 1998 Offer**, a copy of which is hereby served upon you.

        COUNTY OF COOK ADULT PROBATION
        DEPARTMENT,

        By: *Angela K. LaFratta*
            One of Its Attorneys

Jerold S. Solovy
Joel T. Pelz
Emma J. Sullivan
Angela K. LaFratta
Special Assistant Attorneys General
Jenner & Block LLP
One IBM Plaza
Chicago, Illinois 60611
(312) 222-9350

Dated: January 15, 2004

## CERTIFICATE OF SERVICE

Angela K. LaFratta, an attorney, certifies that she served the foregoing **Defendant's Reply In Support Of Defendant's Motion In Limine Pertaining To The May 1998 Offer** upon the following via U.S. Mail on January 15, 2004:

William M. Walsh
The Monadnock Building
53 West Jackson Boulevard
Suite 224
Chicago, IL 60604

Angela K. LaFratta

FILED

JAN 1 5 2004

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JON P. ARNOLD,                              )
             Plaintiff,                    )
                                 )
      v.                                        )
                                 )    Case No. 98 C 8400
COUNTY OF COOK ADULT PROBATION   )
DEPARTMENT, and                           )    Judge Joan B. Gottschall
CHIEF JUDGE DONALD O'CONNELL,    )
                                 )
            Defendants.                 )

DOCKETED
JAN 1 6 2004

**DEFENDANT'S REPLY IN SUPPORT OF**
**DEFENDANT'S MOTION IN LIMINE PERTAINING TO THE MAY 1998 OFFER**

      Defendant, Cook County Adult Probation Department ("Probation Department"), by its

attorneys, provides the following reply ("Reply") in support of its Motion in Limine ("Motion")

regarding the May 1998 offer of reasonable accommodation.  For the reasons set forth in the

Motion and Reply, this Court should preclude plaintiff from claiming that the offer of reasonable

accommodation made to plaintiff in or before May 1998 was not made or was unreasonable, and

from seeking damages or offering testimony regarding damages that were incurred after May

1998.  Nothing in plaintiff's response to the Motion ("Response") warrants denying the Motion.

**A.**    **Plaintiff Should Be Barred From Claiming That The May 1998 Offer Was Not**
        **Made And From Claiming That The May 1998 Offer Was**
        **Unreasonable.**

      This Court should bar plaintiff from claiming that the Probation Department never

offered to transfer plaintiff to a position as a Community Service Officer ("CSO") based at 26th

and California Streets in or before May 1998 (the "May 1998 Offer") and from claiming that the

May 1998 Offer was unreasonable.  Plaintiff appears to have abandoned his argument that the

May 1998 Offer was not made -- plaintiff admits in his response that his supervisor offered to transfer him to a different territory in response to plaintiff's complaint about his work-related driving. However, it is apparent from plaintiff's Response that plaintiff is attempting to relitigate this Court's May 30, 2003 holding that the May 1998 Offer constituted a reasonable offer of accommodation. See Arnold v. Cook County Adult Probation Dept., No. 98 C 8400, 2003 WL 21317270, at *3 (N.D. Ill. June 5, 2003). Plaintiff should not be permitted to relitigate that issue for two basic reasons. First, Plaintiff has filed no motion for reconsideration and has advanced no manifest error of law or fact or newly discovered evidence to warrant relitigation of this issue. See Maclin v. Northern Telecom, Inc., No. 95 C 7485, 1999 WL 787620, at *1 (N.D. Ill. Sept. 24, 1999). Accordingly, any attempt by plaintiff to relitigate the issue is improper at this time.

Second, the arguments plaintiff advances in support of his claim that the May 1998 Offer was unreasonable lack merit. While acknowledging that the May 1998 Offer was made, plaintiff argues that the offer did not satisfy the Probation Department's accommodation obligations because: (1) the offer was not the result of an interactive process; (2) the Probation Department made the offer without determining whether it was reasonable; (3) the Probation Department failed to consider plaintiff's request to remain in his Rolling Meadows CSO position with less driving; and (4) the offer was not made in "good faith." Each of these arguments is without support.

1.      Any Failure By The Probation Department To Engage In The Interactive Process
        Does Not Constitute A Violation.

This Court already rejected plaintiff's claim that the Probation Department violated the Rehabilitation Act by failing to engage in the interactive process. In its September 25, 2001 decision, this Court stated, "defendants are correct that an offer of accommodation need not be the product of an interactive process so long as it is a reasonable accommodation." Arnold v.

Cook County Adult Probation Dept., No. 98 C 8400, 2001 U.S. Dist. LEXIS 22647, at *23-24 (N.D. Ill. Sept. 25, 2001) (citing Rehling v. City of Chicago, 207 F. 3d 1009 (7th Cir. 2000)). In Rehling, the Seventh Circuit explained that the interactive process:

> is not an end in itself; rather it is a means for determining what reasonable accommodations are available to allow a disabled individual to perform the essential job functions of the position sought. Because the interactive process is not an end in itself, it is not sufficient for Rehling to show that the City failed to engage in an interactive process or that it caused the interactive process to break down. Rather, Rehling must show that the result of the inadequate interactive process was the failure of the City to fulfill its role in 'determining what specific actions must be taken by an employer' in order to provide the qualified individual a reasonable accommodation.

207 F.3d at 1015-16 (citations omitted). The Rehling Court recognized that holding employers liable in failure-to-accommodate cases when the employers offered reasonable accommodations would be contrary to the purposes of the Americans with Disabilities Act ("ADA"): "[t]o hold employers liable for the failure of an interactive process regardless of whether a reasonable accommodation was made would not serve the underlying purposes of the ADA, and would, contrary to our own precedent, elevate the ADA's interactive process requirement to an end in itself." Id. at 1016-17 (concluding that the City met its ADA obligations when it made offers of reasonable accommodation, even though those accommodations were not the result of the interactive process); see also Cruz v. Perry, No. 01 C 5746, 2003 WL 1719995, at *5 (N.D. Ill. March 31, 2003) (denying employee's failure to accommodate claim although the employer's offered accommodation was not the result of any interactive process); Mays v. Principi, No. 01 C 1418, 2001 WL 1512552, at *5 (N.D. Ill. Nov. 28, 2001) (employer satisfied its accommodation obligations when it offered a reasonable accommodation to the employee, even though the position offered was not the position requested by the employee).

2.    The May 1998 Offer Was Made After The Probation Department Determined That It Was Reasonable.

Plaintiff's argument that the Probation Department made the May 1998 Offer without assessing whether it was reasonable likewise lacks merit. The May 1998 Offer was made by plaintiff's supervisor David Deenihan after plaintiff submitted a note on a prescription pad from his physician stating that plaintiff could not drive more than 20 miles from his home. As recognized by this Court's September 25, 2001 decision, an employer need not accommodate an employee's choice of residence. See 2001 U.S. Dist. LEXIS 22647, at *25-27. The CSOs based at 26th and California Streets never or rarely are required to drive more than 20 miles to perform their duties. As the supervisor of the CSOs, Mr. Deenihan was aware of that fact. Thus, although Mr. Deenihan conducted no formal or detailed analysis before making the May 1998 Offer, he knew at the time the offer was made that the 26th and California CSO position met plaintiff's claimed physical limitations. Moreover, the Rehabilitation Act does not require an employer to engage in any detailed analysis before making a reasonable offer of accommodation. To the contrary, an employer satisfies its accommodation obligations by offering a reasonable accommodation to a disabled employee, and if the disabled employee rejects the reasonable accommodation, the employee is unprotected. See 2003 WL 21317270, at *3; 29 C.F.R. § 1620.9(d).

3.    Any Failure To Consider Plaintiff's Requested Accommodation Does Not Constitute A Violation.

This Court previously rejected plaintiff's claim that the Probation Department's failure to consider plaintiff's requested accommodation (to remain as a Rolling Meadows CSO with less driving) makes the May 1998 Offer unreasonable. In response to the Probation Department's second motion for summary judgment, plaintiff argued "that his requested accommodation was

available, that the Department failed to pay any attention to his request, and thus a reasonable

juror could find the Department liable for failing to offer a reasonable accommodation." 2003

WL 21317270, at *5 n. 10. In response, this Court held:

> The court disagrees. Arnold's requested accommodation- to remain at Rolling Meadows, with reduced driving- would have required the Department to assign some of Arnold's cases and territory to other community service officers. The Department had no obligation "to shuffle job responsibilities amongst employees to create a position to accommodate [Arnold's] disability."

Id. (citation omitted). As plaintiff's requested accommodation was unreasonable, the Probation

Department's failure to consider and/or grant that request cannot constitute a violation of the

Rehabilitation Act. Moreover, even if plaintiff's requested accommodation was reasonable (it

was not), the Probation Department's failure to grant it does not constitute a violation because

the Probation Department offered a reasonable accommodation to plaintiff. Plaintiff's

preference to remain in his Rolling Meadows CSO position with less driving is "of no

consequence" because, as recognized by this Court's September 25, 2001 decision, an employee

is entitled to a reasonable accommodation, not the accommodation of the employee's choice.

See 2001 U.S. Dist. LEXIS 22647, at *27 (citing Corder v. Lucent Technologies, Inc., 162 F.3d

924, 928 (7th Cir. 1998) (employee's preference to work full-time in the same office rather than

taking the position offered to her was "of no consequence" and did not preclude the Court from

denying employee's failure-to-accommodate claim)). Because the Probation Department offered

plaintiff a reasonable accommodation in or before May 1998, its alleged failure to consider the

unreasonable accommodation request made by the plaintiff cannot constitute a violation of the

Rehabilitation Act.

4.     The Probation Department's Alleged Lack Of "Good Faith" Does Not Constitute A Violation.

Finally, plaintiff's claim that the Probation Department's lack of "good faith" makes the May 1998 Offer unreasonable lacks merit. Plaintiff cites Feliberty, M.D. v. Kemper Corporation, 98 F.3d 274 (7th Cir. 1996), in support of this argument. In Feliberty, the Court recognized that an accommodation is reasonable if the employer makes a "good faith effort to assess the employee's needs and to respond to them." 98 F.3d at 280. Finding material fact questions regarding whether the employer provided the employee with a reasonable accommodation, the Feliberty Court denied the employer's motion for summary judgment. Id. Here, unlike in Feliberty, this Court found that the Probation Department offered the plaintiff a reasonable accommodation. Moreover, the accommodation offered by the Probation Department was made based on an assessment of plaintiff's needs, as dictated by plaintiff's own physician. Thus, under Feliberty the Probation Department met its accommodation obligations. For all of the reasons set forth above and in the Motion, plaintiff should be precluded from arguing that the May 1998 Offer was not made or that the May 1998 Offer was unreasonable.

**B.     Plaintiff Should Be Barred From Seeking Damages Or Offering Testimony Regarding Damages That Were Incurred After May 1998.**

This Court should exclude plaintiff from seeking damages or offering testimony regarding damages that were incurred after May 1998. In its May 30, 2003 decision, this Court held that plaintiff is precluded in both his disability discrimination and failure-to-accommodate claims from recovering damages that were incurred after he declined to accept the May 1998 Offer. See 2003 WL 21317270, at *3, 5. This Court further held that any aggravation plaintiff suffered to his back injury was of no consequence if plaintiff failed to notify the Probation Department that he required an accommodation or if the Probation Department's delay in

6

making the May 1998 Offer was reasonable. Id. at * 3. Based on plaintiff's pre-trial order submissions and despite this Court's rulings precluding him from doing so, it appears that plaintiff is continuing to argue that he is entitled to recover damages that were incurred after May 1998, including backpay damages. Plaintiff only lost wages and benefits after he went on leave in September 1998. Plaintiff's attempt to offer testimony of damages incurred after May 1998 is likely an effort to evoke sympathy from the jury. Based on this Court's rulings, plaintiff should be barred from offering such testimony.

At a minimum, to offer any testimony of damages arising after the May 1998 Offer was made, plaintiff should be required to: (1) show that he suffered some injury during the relevant time frame (after plaintiff made a sufficient request for an accommodation and before the May 1998 Offer was made); and (2) link that injury to the alleged discriminatory conduct of the Probation Department. See Shick v. Illinois Department of Human Services, 307 F.3d 605, 615 (7th Cir. 2002) (plaintiff in employment discrimination case may only recover damages proximately caused by the defendant's conduct); Hutchinson v. Amateur Electronic Supply, Inc., 42 F.3d 1037, 1044 (7th Cir. 1994) (plaintiff must establish the amount of damages she claims resulted from her employer's alleged discriminatory conduct). Absent those showings, testimony of damages incurred after May 1998 should be excluded under Federal Rules of Evidence 401-403 as irrelevant and prejudicial.

Plaintiff cannot demonstrate that he suffered any damages between late 1997 and May 1998. It is undisputed that plaintiff injured his back in 1986. Plaintiff argues that he sustained additional damage to his back before May 1998 that is continuing in nature. According to plaintiff, he first made a request for an accommodation in late 1997 or early 1998. The Probation Department disputes that plaintiff ever made a sufficient request for an

accommodation. However, even assuming that plaintiff made a request for accommodation in late 1997, at most, the Probation Department delayed a few months in offering plaintiff a reasonable accommodation. No evidence has ever been presented by the plaintiff or his physicians that plaintiff suffered damage between late 1997 and May 1998.

Moreover, even if plaintiff can demonstrate that he suffered damage between late 1997 and May 1998, plaintiff cannot tie those damages to any conduct of the Probation Department. Indeed, the average number of miles per day that plaintiff drove in 1998 was less than in 1995, and in February 1998, plaintiff was responsible for the second fewest number of probationers in the Community Service Unit. No evidence has ever been presented by the plaintiff or his physicians that any damages plaintiff incurred between late 1997 and May 1998 were the result of any increase in plaintiff's on-the-job driving. Accordingly, plaintiff should be barred from seeking damages or offering testimony regarding damages that were incurred outside of the brief period between plaintiff's alleged request for an accommodation and May 1998.

WHEREFORE, the Probation Department respectfully requests that the Court preclude plaintiff from denying that the May 1998 Offer was made, from claiming that the May 1998 Offer was unreasonable, and from seeking damages or offering testimony regarding damages

that were incurred after the May 1998 Offer was made.

Respectfully submitted,

COOK COUNTY ADULT PROBATION DEPARTMENT,

By: _Joel T. Pelz_

One of its attorneys

Jerald S. Solovy
Joel T. Pelz
Emma J. Sullivan
Angela K. LaFratta
Special Assistant Attorneys General
Jenner & Block LLP
330 N. Wabash Ave., 40th Fl.
Chicago, IL 60611
(312) 222-9350

Dated: January 15, 2004

9